UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------X
                                              :
Domingo Minier,                               :
                                              :
                      Petitioner,             :
                                              :        16-CR-23 (PAC)
        -against-                             :
                                              :        19-CV-10866 (PAC)
United States of America,                     :
                                              :        OPINION & ORDER
                      Respondent.             :
                                              :
                                              :
-----------------------------------------------------X
```

In 2017, Petitioner Domingo Minier pleaded guilty to one count of conspiracy to distribute heroin and was sentenced to 108 months imprisonment. The Second Circuit dismissed his appeal. Minier now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that he suffered from ineffective assistance of counsel, in violation of the Sixth Amendment. After due consideration of the arguments, the Court **DENIES** the motion.

## BACKGROUND

### I.      Factual Background

In October 2014, the Drug Enforcement Agency (DEA) conducted an undercover sting operation that thwarted and exposed Minier's conspiracy to transport heroin from California to New York. (*See* ECF 1.)[1] Minier, an undocumented immigrant with a felony record at the time,[2] was charged with illegal reentry into the United States and sentenced to 16 months

---

[1] Citations in this opinion are made to the criminal docket, 16-CR-23 (PAC).

[2] In 1999, Minier was convicted of possession with intent to distribute heroin in the United States District Court for the District of New Jersey. (PSR ¶ 48, ECF 53.) He served 37 months in prison for this conviction. (*Id.*)

imprisonment.  (PSR ¶ 51, ECF 53.)  No drug charges were brought at this time.

Over a year later, during Minier's final month in prison for the illegal reentry conviction, the Government belatedly brought a drug charge against Minier.  (ECF 1, 13.)  Minier ultimately pled guilty to conspiracy to distribute and possess with intent to distribute heroin ("Plea Agreement"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  (Gov. Mem., Exs. A-15, A-55, ECF 60.)

Under the terms of the Plea Agreement, the Government and Minier agreed to the following:  (1) the Guidelines Range for Minier's drug offense would be 135 to 168 months with a mandatory minimum of 60 months (*id.* at Ex. A-16); (2) a departure from this Guidelines Range was unwarranted and neither party would seek a departure at sentencing (*id.*); and (3) Minier would forfeit his right to bring a direct or collateral appeal challenging his sentence, so long as it stood "at or below the Stipulated Guidelines Range of 135 to 168 months' imprisonment[.]"  (*Id.* at Ex. A-18.)  Under the Plea Agreement, however, Minier reserved the right to file an appeal claiming ineffective assistance of counsel.  (*Id.* at Ex. A-18, 19.) ("[N]othing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.").

To ensure the validity of the Plea Agreement, this Court conducted a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  (Minute Entry dated March 28, 2017.) Minier was represented at the hearing by his attorney, Lauriano Guzman ("Defense Counsel"). (Allocution Transcript at 2, ECF 38.)  At the hearing, the Court questioned Minier about his mental capacity (*id.* at 3, 6); whether he had discussed the Plea Agreement with Defense Counsel (*id.*); and whether he was "satisfied with the counsel and advice and representations" provided to

him.  (*Id.* at 4.)  Minier responded affirmatively to each of these inquiries.  (*Id.* at 3–4.)  The

Court then separately questioned Defense Counsel on whether he had "conducted an

investigation of this matter" and whether there was "any reason why Mr. Minier should not plead

guilty[.]"  (*Id.* at 11.)  Defense Counsel answered that he had investigated the matter, and that

there was no reason to object to the Plea Agreement.  (*Id.*)  Finally, the Court reviewed with

Minier the various rights he would forfeit by pleading guilty, including his right to trial by jury

and his right to appeal.  (*Id.* at 4–9.)  Minier nevertheless conceded that he was guilty of the

crime charged and affirmed his intent to plead guilty.  (*Id.* at 9.)  The Court conducted a full

review of the Plea Agreement.  And in the end, it found Minier to be "fully competent and

capable of entering an informed plea" and accepted the Plea Agreement.  (Allocution Transcript

at 12.)

In June 2017, the Court held Minier's sentencing hearing.  (Minute Entry dated June 29,

2017.)  Although the Plea Agreement stipulated to a Guidelines Range of 135 to 168 months,[3]

Defense Counsel made the following objection at the sentencing hearing:

> Judge, I have an objection to the [criminal history] category, and the reason for
> that is that when Mr. Minier was initially arrested for the illegal reentry, he had
> the narcotics charges also at that point, so by having Mr. Minier initially plead
> guilty to the charges of illegal reentry and then subsequently, after he finishes his
> 14 months, he's later then charged with the narcotics charges, I would argue that –
> I understand that they're two separate crimes, but when in fact he was arrested
> initially for the narcotics charges, that would, in essence, have placed him in
> category II had he been prosecuted for the narcotics charges and illegal reentry

---

[3] At sentencing, Minier had two prior convictions on his record:  a 1999 heroin offense and a 2014 illegal reentry
conviction.  Accordingly, he qualified for criminal history category III under the Guidelines.  (PSR ¶ 55.)

during the first, initial criminal complaint.[4]

(Sent. Transcript at 4–5, ECF 50.)

The Court overruled the objection and preserved the Guidelines calculation. (*Id.* at 5–6.)

The Court, however, considered the objection under the § 3553(a) factors. (*Id.* at 18.) ("I'm a

little bit concerned about the splitting of the charges for illegal reentry and the drugs. I take that

into consideration as part of the background of the crime.") The Court then sentenced Minier to

a below Guidelines sentence of 108 months. (*Id.* at 19.)

## II.   <u>Procedural History</u>

In July 2017, Minier petitioned the Court for *habeas corpus* relief pursuant to 28 U.S.C. §

2255. (ECF 49.) Because his direct appeal to the Second Circuit was pending, the Court

reserved decision on the petition. (ECF 52.) The Second Circuit subsequently dismissed

Minier's appeal based on the waiver provision in the Plea Agreement but stated that Minier

could bring his ineffective assistance of counsel claim in a § 2255 petition.[5] (ECF 54.) Minier

now moves *pro se* for § 2255 relief.

---

[4] Defense Counsel made the same objection in his sentencing memorandum:

> Mr. Minier has been held in confinement for approximately thirty-three (33) months, of which
> sixteen months (16) were a part of his sentence for unlawful reentry into the United States. As
> fully discussed above, Mr. Minier was arrested on October 7, 2014, as part of the DEA's
> investigation into the trafficking of seven kilograms of heroin from California to New York.
> Oddly, after his arrest, Mr. Minier was charged only with unlawful reentry, despite ample probable
> cause for the instant charges to be brought against him. The Government has not offered any
> explanation for its delay, but nevertheless Mr. Minier respectfully asks for all his time
> incarcerated, beginning October 7, 2014, to be credited towards any sentence imposed by this
> Court.

(Sent. Submission at 12, ECF 43.)

[5] Minier did not seek a writ of certiorari from the United States Supreme Court.

## DISCUSSION

### I.     § 2255 Procedural Requirements

*Timeliness.*  Under 28 U.S.C. § 2255(f)(1), a petition for *habeas corpus* relief must be filed within one year of "the date on which the judgment of conviction becomes final[.]"  The Supreme Court has stated that a "conviction becomes final" 90 days after entry of judgment by the court of appeals. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

The Second Circuit entered judgment on Minier's direct appeal in December 2018. Because Minier filed this petition in November 2019, he has satisfied the timeliness requirement. 28 U.S.C. § 2255(f)(1).

*Procedural Default.*  Generally, legal claims not raised on direct appeal cannot be raised for the first time on *habeas* unless the petitioner can show "*cause* for not earlier raising this issue and *prejudice* resulting from it." *Bloomer v. United States*, 162 F.3d 187, 191 (2d Cir. 1998). This procedural default rule, however, does not apply to *habeas* petitions alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 503 (2003) ("[C]laims of ineffective assistance of counsel need not be raised on direct appeal, whether or not there is new counsel and whether or not the basis for the claim is apparent from the trial record."); *Yick Man Mui v. United States*, 614 F.3d 50, 55 (2d Cir. 2010).  Accordingly, though Minier did not raise his ineffective assistance of counsel claims on direct appeal,[6] that does not operate as procedural default and this Court may entertain his arguments. *Massaro*, 538 U.S. at 503.

---

[6] On appeal, Minier argued that his sentence was procedurally and substantively unreasonable and that Defense Counsel's failure to advise him about his appellate rights made the appeal waiver in the Plea Agreement unenforceable.

*Evidentiary Hearing.* § 2255(b) requires an evidentiary proceeding "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). The Second Circuit, in turn, has interpreted this provision to require a hearing where the petitioner pleads a "plausible claim" of ineffective assistance of counsel. *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009)). "It is within the district court's discretion to determine the scope and nature of a [§ 2255(b)] hearing." *Id.* at 494 (cleaned up); *see Lopez v. United States*, No. 10 CR. 798 (PAC), 2017 WL 1424328, at *3 (S.D.N.Y. Apr. 20, 2017).

For the reasons set forth below, Minier's petition does not plead a plausible claim of ineffective assistance of counsel and the Court concludes that an evidentiary hearing is not required under § 2255(b). *Raysor*, 647 F.3d at 494; *Puglisi*, 586 F.3d at 213; *Lopez*, WL 1424328, at *3.

## II.   The Merits

### A.   Legal Standard

Under 28 U.S.C. § 2255, a "prisoner in custody" may challenge his imprisonment "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). If the defendant's petition has merit, the district court must take appropriate steps to remedy the wrongful imprisonment. *Id.* at § 2255(b) ("[T]he court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.").

To succeed on an ineffective assistance of counsel claim, the petitioner must prove: (1) that counsel's representation was deficient and "fell below an objective standard of reasonableness" according to "prevailing professional norms"; and (2) "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *see United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992).

The *Strickland* test is a difficult one to meet.  *See Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) ("The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard.").  The first element "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  "There are countless ways to provide effective assistance in any given case," and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.*  Accordingly, *ex post* scrutiny of defense counsel's considered legal strategy is not enough to satisfy the first *Strickland* requirement.  *Id.* at 689–91; *United States v. Green*, 104 F.3d 354 (2d Cir. 1996) ("Ineffective assistance of counsel is not established simply by showing that a strategic decision, viewed in hindsight, was unwise.").

*Strickland*'s second element of prejudice similarly harbors a "heavy burden."  466 U.S. at 692.  To carry it, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.*  The showing "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003).  Finally, the *Strickland* test is conjunctive: "[f]ailure to demonstrate either requirement is fatal to a petitioner's claim" of ineffective assistance of counsel. *Lopez*, WL 1424328, at *3; *see* 466 U.S. at 697.

**B.      Analysis**

Minier asserts four grounds in support of his ineffective assistance of counsel petition:
(1) that Defense Counsel "failed to adequately investigate" his case; (2) that Defense Counsel
"rendered ineffective assistance" by not filing any pre-trial motions; (3) that Defense Counsel
should have opposed the Guidelines Range calculation at sentencing; and (4) that Defense
Counsel failed to adequately assist him at his sentencing.[7]  (Minier Mem. at 9–14, ECF 56.)  For
the reasons set forth below, the Court rejects each of these arguments.

*Failure to Adequately Investigate.*  Minier contends that Defense Counsel failed to
adequately investigate the Government's alleged bad faith in splitting the illegal reentry and drug
charges.  (Minier Mem. at 9–10.)  The Court disagrees.

At his plea allocution hearing, Minier testified unequivocally that he was satisfied with
his legal representation and that the terms of the Plea Agreement were adequately explained to
him.  (Allocution Transcript at 6, 12.)  Additionally, Defense Counsel testified that he had
conducted a full investigation of the case and that he had no reason to believe "Minier should not
plead guilty[.]"  (*Id.* at 11.)  Plea allocution statements of this kind "carry a strong presumption
of veracity" and provide adequate grounds to reject subsequent, self-serving, and contradictory
statements—like those alleged here.  *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008); *see*
*Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Because Minier does not provide a "substantial
reason" to discredit the statements made at his plea allocution hearing, his failure to investigate
claim cannot succeed.  *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) ("[Plea
allocution] testimony carries such a strong presumption of accuracy that a district court does not,

---

[7] Because Minier brings this petition *pro se*, the Court liberally construes his claims "to raise the strongest
arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)
(cleaned up).

absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony[.]").

Furthermore, Defense Counsel's advocacy in this case further supports the conclusion that an adequate investigation was indeed conducted. In his sentencing submission before the Court and at the sentencing hearing, Defense Counsel objected to the Government's practice of splitting the illegal reentry and drug charges. (Sent. Transcript at 4–5; Sent. Submission at 12, ECF 43.) This advocacy, in turn, paid dividends for Minier: the Court probed the Government on why it had split the charges[8] and ultimately took the fact into consideration under its § 3553(a) analysis. (*See* Sent. Transcript at 18.) And as a result, Minier was able to receive a below Guidelines sentence of 108 months, in effect giving Minier full credit against the drug charge for the time served on the illegal reentry count. (*Id.* at 19.) Accordingly, these facts belie the notion that Defense Counsel failed to adequately investigate this case, let alone render ineffective counsel. Minier does not meet the first requirement under *Strickland.* 466 U.S. at 689.

Even if the Court were to reach step two of the *Strickland* test, prejudice, it would find

---

[8] In response to Defense Counsel's objection, the Court asked the Government:

> Why did the government decide to split the two crimes here? As you point out, they are separate crimes. Usually they're brought together, in my experience.

The Government answered:

> It's an unusual circumstance, your Honor. This case initially was being investigated by the Manhattan D.A.'s office. The defendant was charged with the federal crime of illegal reentry when he was arrested and it was determined that he had committed an aggravated felony and had come back, but the Manhattan D.A.'s office initially was the one who investigated the case. When they decided, for reasons I'm not sure of, that they were not going to proceed with the case, our office then got involved in charging the narcotics offense as well.

(Sent. Transcript at 12.)

that Minier's claim would similarly fail on that element. Minier does not demonstrate that "but for" Defense Counsel's failure to adequately investigate, the outcome of the proceedings would have been any different. *Strickland*, 466 U.S. at 693-94. He instead assumes as much. But that is not enough to carry his "heavy burden" under *Strickland*, and so, his claim must fail.

*Failure to File Pretrial Motions.* Minier also contends that Defense Counsel's failure to file certain pretrial motions prejudiced him. (Minier Mem. at 10–11.) Specifically, he argues that Defense Counsel should have moved to "obtain the transcript of [Grand Jury] testimonies," requested "[18 U.S.C. §] 3500 Jenks Material," and investigated the possibility of an entrapment defense. (*Id.*) The Court is unpersuaded by these assertions.

As a general matter, the pretrial motions that Minier argues should have been filed are "tactical decisions" committed to the broad discretion of the defense attorney. *Strickland*, 466 U.S. at 689. The practice of law is an art, not a science. *Id.* And "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* Minier's second-guessing of Defense Counsel's tactical decisions fails for this very reason. Under the Sixth Amendment, Defense Counsel was free to defend Minier in "countless" different ways, and to file (or not file) pretrial motions as he saw fit. *Strickland*, 466 U.S. at 689. Just because a particular defense strategy was not pursued does not render the representation ineffective.

But even if Defense Counsel had, in fact, filed the specific motions called for by Minier, those efforts would have likely proven futile. For example, Minier argues that Defense Counsel should have moved for the disclosure of grand jury minutes. But such a motion would have likely failed because there was no showing of "concrete allegations of Government misconduct," which is required for disclosure of grand jury transcripts. *United States v. Leung*, 40 F.3d 577,

10

582 (2d Cir. 1994); *United States v. Percoco*, No. 16-CR-776 (VEC), 2017 WL 6314146, at *24

(S.D.N.Y. Dec. 11, 2017) (explaining that to obtain grand jury minutes, "a defendant must

demonstrate some grossly prejudicial irregularity or some other particularized need or

compelling necessity"). In addition, Minier argues that Defense Counsel should have moved

(pretrial) to obtain witness statements under 18 U.S.C. § 3500. But both the statutory text and

Second Circuit precedent plainly proscribe this strategy. *See* 18 U.S.C. § 3500(a) (prohibiting

disclosure of Government witness statements and reports "until said witness has testified" at

trial); *United States v. Coppa*, 267 F.3d 132, 145-46 (2d Cir. 2001) ("[The] Jencks Act prohibits

a District Court from ordering the pretrial disclosure of witness statements."). The practice in

the Second Circuit is to produce this material before trial commences, but not sooner. Thus,

because Minier's suggested motions would have likely proven unsuccessful had they been filed,

Defense Counsel did not act unreasonably in declining to pursue them.

      ***Failure to Oppose Guidelines Range Calculation and Assist at Sentencing Hearing.*** In

his final two grounds of ineffective assistance of counsel, Minier contends that Defense Counsel

did not adequately oppose his criminal history category calculation and more generally, that

Defense Counsel failed to assist him at his sentencing hearing. The record disproves both these

contentions. *First*, Defense Counsel *did* object to the greater criminal category history exposure

caused by the splitting of the drug and illegal reentry charges. In his sentencing submission,

Defense Counsel wrote:

> Mr. Minier has been held in confinement for approximately thirty-three (33)
> months, of which sixteen months (16) were a part of his sentence for unlawful
> reentry into the United States. As fully discussed above, Mr. Minier was arrested
> on October 7, 2014, as part of the DEA's investigation into the trafficking of
> seven kilograms of heroin from California to New York. Oddly, after his arrest,
> Mr. Minier was charged only with unlawful reentry, despite ample probable cause
> for the instant charges to be brought against him. The Government has not
> offered any explanation for its delay, but nevertheless Mr. Minier respectfully

11

> asks for all his time incarcerated, beginning October 7, 2014, to be credited towards any sentence imposed by this Court.

(Sent. Submission at 12.)

Defense Counsel then made the same objection at the sentencing hearing:

> Judge, I have an objection to the [criminal history] category, and the reason for that is that when Mr. Minier was initially arrested for the illegal reentry, he had the narcotics charges also at that point, so by having Mr. Minier initially plead guilty to the charges of illegal reentry and then subsequently, after he finishes his 14 months, he's later then charged with the narcotics charges, I would argue that – I understand that they're two separate crimes, but when in fact he was arrested initially for the narcotics charges, that would, in essence, have placed him in category II had he been prosecuted for the narcotics charges and illegal reentry during the first, initial criminal complaint.

(Sent. Transcript at 4–5.)

*Finally*, Minier's argument that Defense Counsel failed to assist him at sentencing is of no moment. Quite the contrary, the record reveals that Defense Counsel provided zealous advocacy throughout sentencing by (1) filing a carefully crafted submission in support of a mandatory minimum sentence of 60 months, (2) attaching to that submission letters from family members and friends attesting to Minier's redeeming qualities, (3) at sentencing, meticulously detailing the mitigating factors that weighed in support of a lesser sentence, and (4) pointing out the "consequences" of delaying the narcotics charge until after he had served time on the illegal reentry charge. (*See* Sent. Transcript at 6–11.) All this contributed to the Court's imposition of a below Guidelines sentence of 108 months.[9] Accordingly, Minier's argument must be rejected.

---

[9] At the end of his brief, Minier asserts that the Plea Agreement was "not knowingly, voluntarily and competently entered into" because Defense Counsel "never translated [it] to Spanish[.]" (Minier Mem. at 13–14.) At his plea allocution hearing, however, Minier confirmed to the Court—by way of an extensive colloquy—that he was knowingly and voluntarily entering into the Plea Agreement. (Allocution Transcript at 9.) He also stated that a Spanish translation of the Plea Agreement was unnecessary because Defense Counsel had explained the terms to him. (*Id.* at 6.) The Court does not find a substantial basis to discredit these statements and therefore holds Minier to his original word. *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008).

## CONCLUSION

The Court has considered all of Minier's arguments and found them to be without merit. The petition is accordingly **DENIED** in full. Because Minier has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close the motions at ECF 55 in 1:16-cr-00023 and ECF 1 in 1:19-cv-10866.

Dated: New York, New York            SO ORDERED
       April 7, 2021

_____
PAUL A. CROTTY
United States District Judge