UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
Domingo Minier,

                *Petitioner*,

    -*against*-                  16 Cr. 23 (PAC)

United States of America,        **OPINION & ORDER**

                *Respondent*.

------------------------------------------------------------X

Defendant Domingo Minier is a citizen of the Dominican Republic who is currently serving a 108 month custodial sentence after pleading guilty to conspiracy to distribute heroin. Minier now moves for a sentence reduction under the Compassionate Release Statute at 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that the COVID pandemic constitutes extraordinary and compelling circumstances, and that a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). For the following reasons, his motion is **DENIED**.

## BACKGROUND[1]

In March 2017, Minier pled guilty to one count of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). *Minier v. United States*, No. 16-CR-23 (PAC), 2021 WL 1292820, at *1 (S.D.N.Y. Apr. 7, 2021). Minier's conviction marked his third brush

---

[1] Factual citations are made to this Court's April 7, 2021 Opinion & Order which denied Minier's *habeas* petition. (*See* Opinion & Order, ECF 62.)

1

with the law.[2] *Id.* For committing this crime, he faced a mandatory minimum sentence of 60 months and a Guidelines Range of 135 to 168 months imprisonment.[3] *Id.*

At sentencing, Minier requested a mandatory minimum sentence of 60 months. *Id.* The Government, meanwhile, requested a sentence within the Guidelines Range. (*See* Sent'g Tr. at 12, ECF 50.) The Court ultimately sentenced Minier to 108 months, justifying the downward variance on certain mitigating factors, including Minier's attempted cooperation with the Government and his difficult family circumstances. (*See id.* at 16–19.) Following imposition of sentence, however, Minier moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that he suffered from ineffective assistance of counsel. (ECF 49.) The Court denied that motion by a written Opinion & Order dated April 7, 2021. *Minier*, 2021 WL 1292820.

Minier is 54 years old and currently incarcerated at the FCI Gilmer in West Virginia. (Gov't Br. at 4, ECF 66.) In December 2020, Minier contracted the COVID virus but has since recovered and recently completed his vaccination series. (*Id.* at 10–11.) He has served approximately 64 months of his 108 month sentence, and is projected to be released on August 30, 2023. (*Id.* at 4.) Upon release, he will be removed from the United States because of his

---

[2] In 1999, Minier was convicted of distributing heroin in the District of New Jersey, a crime for which he served 37 months imprisonment, and in 2014, he was convicted of unlawful reentry in this district, for which he served 16 months imprisonment. *See Minier*, 2021 WL 1292820, at *1.

[3] In connection with the instant drug offense, Minier was also convicted of unlawful reentry and sentenced to 16 months imprisonment. *See Minier*, 2021 WL 1292820, at *1. However, only after he had served that sentence did the Government belatedly bring this drug charge. *Id.* The Court took this splitting of the charges into consideration in sentencing Minier to a below Guidelines term of 108 months. *Id.*

illegal immigration status. (*See* Sent'g Tr. at 18.)

Minier now moves *pro se* for compassionate release[4] on the grounds that: (1) he is suffering long-term symptoms as a result of his previous bout with COVID, (2) that the Bureau of Prisons has imposed taxing restrictions on the conditions of his confinement, and (3) that he must care for his elderly sick mother who currently resides alone in the Dominican Republic. (Def. Br. at 5–15, ECF 63.) Minier also contends that a sentence reduction would not frustrate the sentencing factors set forth in 18 U.S.C. § 3553(a). (*See id.*)

The Government contests each of these points. It argues that Minier has not demonstrated extraordinary and compelling reasons for early release (Gov't Br. at 10–13) and even if he had, that the sentencing factors under 18 U.S.C. § 3553(a) weigh against a sentence reduction (*see id.* at 14). Because the Court agrees, Minier's motion is denied.

## DISCUSSION

As a general rule, district courts may not modify prison sentences once they have been imposed. *See United States v. Marriott*, No. 1:18-CR-00339-PAC-12, 2020 WL 4883805, at *1 (S.D.N.Y. Aug. 19, 2020). The Compassionate Release Statute, however, provides a limited exception to this general rule. *Id.* It permits a district court to reduce a term of imprisonment if: (1) the defendant satisfies the statute's administrative exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A); (2) the defendant demonstrates extraordinary and compelling reasons warranting a sentence reduction, *see United States v. Jaquez*, No. 17 CR. 415 (PAC), 2021 WL 857364, at *3 (S.D.N.Y. Mar. 8, 2021); and (3) granting a sentence reduction would not frustrate the

---

[4] *Pro se* filings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "interpret them to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

3

sentencing factors set forth in 18 U.S.C. § 3553(a), *see id.* Because the parties agree that the first factor, administrative exhaustion, has been met here,[5] the Court will proceed to the second and third factors.

***Extraordinary and Compelling.*** Minier has not demonstrated extraordinary and compelling reasons for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). In the context of compassionate release motions, "courts in this circuit have found that vaccination mitigates the risk an inmate faces from COVID-19 to the point that his health conditions weighing in favor of release are no longer extraordinary and compelling." *United States v. Kosic*, No. 18 CR. 30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (collecting cases). This principle applies *a fortiori* here where Minier has already contracted and recovered from COVID, and been fully vaccinated against the virus as well. *See id.* In addition, Minier is neither of elderly age nor has any underlying health conditions that make him particularly vulnerable to the virus. *See United States v. Darling*, No. 10-CR-00640-PAC-2, 2021 WL 2070146, at *3 (S.D.N.Y. May 24, 2021) (finding extraordinary and compelling circumstances absent where defendant had "no underlying health conditions that put him at an increased risk of harm from his COVID-19 infection"). And as it stands, there is only one confirmed case of COVID reported at his facility, which means that his exposure to reinfection remains very low. *See* BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited June 3, 2021). Taking these facts in tandem, the Court finds that there are no extraordinary and compelling reasons that justify a sentence

---

[5] Minier initially petitioned the Warden of his facility for compassionate release on April 1, 2021. (Gov't Br. at 6.) The Warden denied that petition on April 12. (*Id.*) Hence, because 30 days have elapsed since the Warden's receipt of Minier's compassionate release petition, his motion before the Court is timely. *See United States v. Maldonado*, No. 16 CR 285 (CM), 2021 WL 639069, at *2 (S.D.N.Y. Feb. 17, 2021) (finding passage of 30 days from Warden's receipt of compassionate release petition to satisfy the administrative exhaustion requirement).

reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

In response, Minier contends that a sentence reduction is warranted because he is suffering "from a myriad of long-term symptoms resulting from his [prior] bout with COVID-19." (Def. Br. at 6.) The problem with this allegation, however, is that Minier does not explain what those long-term symptoms are. (*See id.*) And nor does the record provide any clues. (*See* Gov't Ex. B.) Instead, according to recent BOP medical records, Minier appears to be in good health and largely immune from recontracting the COVID virus. (*See id.*) This argument is thus unavailing.

Minier also argues that the BOP's onerous restrictions on inmates serving time during the pandemic constitute extraordinary and compelling circumstances warranting a sentence reduction. (Def. Br. at 8–12.) But this is a policy argument masked in a judicial cloak. And as this Court explained in *United States v. Kaba*, to grant compassionate release on this generalized basis would eviscerate the limited scope of compassionate release which Congress had intended. No. 19 CR. 242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). "[T]he Court must work with the statute Congress wrote, not the statute it would like." *United States v. Brady*, No. S2 18 CR. 316 (PAC), 2020 WL 2512100, at *4 (S.D.N.Y. May 15, 2020)

Finally, Minier argues that he must take care of his elderly mother who "suffers from a host of medical conditions" and "lives alone in the Dominican Republic." (Def. Br. at 12–13.) Specifically, Minier stresses that there is "absolutely no one left to care for" his mother. (*Id.*) While his intentions may be noble, the Court remains unconvinced that this presents an extraordinary and compelling reason for compassionate release, especially given the fact that Minier has six siblings with respectable jobs who may act as caretakers for their mother. *See United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) (finding extraordinary and

5

compelling circumstances only because defendant had shown evidence that his sibling and "hired aides" could not care for ailing mother and therefore that he was "the only available caregiver"). Accordingly, this reason also does not warrant a sentence reduction.[6]

In sum, because Minier has failed to demonstrate extraordinary and compelling reasons, his compassionate release must be denied.

*§ 3553(a) Sentencing Factors.* Because no extraordinary and compelling circumstances have been shown, the Court is not required to reach the § 3553(a) analysis to resolve this motion. Still, the Court recognizes that granting Minier compassionate release would be inconsistent with the sentencing factors contained in § 3553(a). *See Jaquez*, 2021 WL 857364, at *3 ("[C]ourts have also considered the sentencing factors under 18 U.S.C. § 3553(a) with a particular emphasis on the seriousness of the offense, the deterrent effect of the punishment, and the need to protect the public.").

*First*, as the Government notes in its submission, the seriousness of the offense factor weighs against compassionate release. (Gov't Br. at 14.) Minier "played a leadership role" in the underlying drug scheme which involved "seven kilos of heroin and large amounts of money" moving from California to New York. (Sent'g Tr. at 17.) That, by any measure, is a serious crime.

*Second*, the deterrent effect of punishment also leans against compassionate release. To date, Minier has served a little over half of his 108 month sentence. *See supra* 2. And it is questionable at best whether that punishment has adequately deterred him from committing future crimes given his past history of engaging in the illegal drug trade and unlawfully

---

[6] Furthermore, the Court took into consideration Minier's troubling family circumstances when it varied downward and sentenced Minier to 108 months imprisonment. (Sent'g Tr. at 16.)

6

reentering the United States despite his lack of legal status. *See Minier*, 2021 WL 1292820, at *1. Accordingly, deterrence considerations counsel against a sentence reduction.

*Finally*, while Minier will be removed from the United States following his release, that does not necessarily mean that he no longer presents a danger to the public. In 2006, Minier was removed to the Dominican Republic for committing the same drug crime at issue here. *Minier*, 2021 WL 1292820, at *1. Yet he subsequently reentered the United States and committed the instant offense. *See id.* This course of conduct shows that Minier still presents a danger to the American people and that his compassionate release should not be granted.

## CONCLUSION

For the foregoing reasons, Minier's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health conditions or the status of infections at his facility materially worsen. The Clerk of Court is respectfully directed to terminate the motion at ECF 63.

Dated: New York, New York
June 3, 2021

SO ORDERED

PAUL A. CROTTY
United States District Judge