UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOMINGO MINIER,                       :

    *Petitioner*,                                             :            16 Cr. 23 (PAC)

   - against -                                          :

                                                        :           **OPINION & ORDER**

UNITED STATES OF AMERICA,       :

    *Respondent.*                                :
------------------------------------------------------------------X

Petitioner Domingo Minier, a citizen of the Dominican Republic who is serving a 108-month custodial sentence for his role in a narcotics conspiracy, petitions *pro se* once again for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, Minier's motion is **DENIED** without prejudice should his medical condition materially worsen.

## BACKGROUND

The following facts are taken from the Court's opinion denying Minier's motion to vacate his judgment under 28 U.S.C. § 2255, as well as the presentence report. Presentence Report ("PSR"), ECF No. 53; *Minier v. United States*, No. 16-CR-23 (PAC), 2021 WL 1292820 (S.D.N.Y. Apr. 7, 2021). On October 7, 2014, the Drug Enforcement Agency arrested Minier in connection with an investigation into the transport of seven kilograms of heroin from California to New York. PSR ¶ 25; *Minier*, 2021 WL 1292820, at *1. Minier, a previously deported undocumented immigrant with a felony record, was charged with illegal reentry into the United States and sentenced to 16 months imprisonment. PSR ¶ 51; *Minier*, 2021 WL 1292820, at *1. During Minier's final month in custody for that sentence, the government belatedly brought narcotics charges against him stemming from the same 2014 arrest. *Minier*, 2021 WL 1292820, at *1. On March 28, 2017, Minier pleaded guilty to one count of conspiracy to distribute heroin

in violation of 21 U.S.C. §§ 846, 841(b)(1)(B). ECF No. 37; *Minier*, 2021 WL 1292820, at *1. In his plea agreement, Minier agreed to the following: (1) a Stipulated Guidelines Range of 135 to 168 months with a mandatory minimum of 60 months; (2) that neither party would seek a departure from the Guidelines Range at sentencing because departure was unwarranted; and (3) that Minier "would forfeit his right to bring a direct or collateral appeal challenging his sentence, so long as it stood at or below the Stipulated Guidelines." *Minier*, 2021 WL 1292820, at *1 (cleaned up).

At sentencing on June 29, 2017, Minier's attorney argued on his behalf for a sentence below the Stipulated Guidelines Range based on (1) Minier's family conditions; (2) his proffers with the Government; (3) his impending deportation; and (4) the fact that he had already completed a term of incarceration on the illegal entry conviction, and the charges could not run concurrently. Sentencing Tr., ECF No. 50. The Court acknowledged each of these considerations, as well as Minier's significant role in the crime and criminal history, and sentenced him to 108 months—a downward variance of 27 months from the low end of the Stipulated Guidelines Range. *Id.* at 16:14–19:3. The Court entered judgment to that effect the same day. ECF No. 45.

Since then, Minier has tried several times to challenge his sentence. On July 13, 2017, Minier appealed the judgment. ECF No. 46. The Government moved to dismiss the appeal based on the plea agreement, and the Court granted dismissal on December 7, 2018, allowing Minier to "raise his ineffective assistance of counsel claim in a 28 U.S.C. § 2255 motion." ECF No. 54. On November 7, 2019, Minier moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. ECF No. 55. The Court denied that motion on April 7, 2021. *Minier*, 2021 WL 1292820, at *7. On May 11, 2021, Minier filed a petition for compassionate release based on his COVID-19 related health risks, pandemic conditions in prison, and his need to take care of his elderly mother. ECF No. 63. The Court denied that motion on

June 3, 2021. Op. & Order at 1, ECF No. 67. Minier thus remains incarcerated at FCI Gilmer in West Virginia and is set to complete his term of incarceration on August 30, 2023. *Id.* at 2.

On May 2, 2022, Minier renewed his petition for compassionate release. ECF No. 69. The Court now addresses the renewed petition. As he proceeds *pro se*, the Court construes all Minier's arguments "to raise the strongest arguments that they suggest." *Washington v. Reilly*, 226 F.R.D. 170, 171 (2d Cir. 2005); *United States v. Casiano*, No. 3:05CR195 (JBA), 2021 WL 1589271, at *2 (D. Conn. Apr. 22, 2021) . Minier alleges three reasons for release: (1) the Government's decision to prosecute Minier for his narcotics crimes only after he served his sentence for illegal entry; (2) his inadequate medical treatment from BOP; (3) Defense Counsel's failure to raise Minier's inability to reap the benefits of 18 U.S.C. § 3624(c) at sentencing.

## DISCUSSION

### I.   Applicable Law

Unless a statutory exception applies, "[t]he court may not modify a term of imprisonment once it has been imposed." § 3582(c); *Musa v. United States*, 502 F. Supp. 3d 803, 809 (S.D.N.Y. 2020). "Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate release.'" *Musa*, 502 F. Supp. 3d at 809 (quoting *United States v. Ogarro*, No. 18-cr-373, 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020)). "It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Under § 3582(c)(1)(A), a district court may end a defendant's term of imprisonment and impose a term of supervised release "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

A defendant may bring a motion for compassionate release on his own behalf "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

3

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A); *United States v. Carbonaro*, No. 02 Cr. 743-05, 2021 WL 3188310, at *2 (S.D.N.Y. July 28, 2021). A court may reduce the defendant's term of imprisonment if the defendant establishes that "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020). Courts must also consider "the factors set forth in section 3553(a) to the extent they are applicable," and any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). "[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Brooker*, 976 F.3d at 237. Where a defendant brings a compassionate release motion on his own behalf, "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id.* The only statutory constraint is that the court shall not consider rehabilitation alone an extraordinary and compelling reason. *Id.* at 237–238, 238 n.5. "A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." *Carbonaro*, 2021 WL 3188310, at *3.

## II. Application

### a. Extraordinary & Compelling Reasons

Because the parties agree that the Minier has exhausted his administrative remedies, the Court need only address the merits of his petition. *See* Op. & Order at 4. The Court finds that Minier has not established any extraordinary and compelling reasons for a sentence reduction.

4

First, the Court addresses Minier's arguments with respect to the fairness of his sentence. Minier argues once again that his sentence was "substantively unreasonable because the Government delayed prosecution for the instant offense, until he completed his term of confinement for illegal reentry." Pet.'s Mot. at 2, ECF. No. 69. He adds this time that he should be released "because his trial attorney failed to raise the possibility of a downward departure to compensate for the increased severity of his punishment . . . due to his ineligibility for Section 3624(c) benefits . . . ." *Id.* at 6. Both of these arguments fail as they challenge alleged legal wrongs related to Minier's conviction, and are therefore more appropriate for appellate or habeas relief, not relief under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022); *see also United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) (holding compassionate release inappropriate "as a vehicle for claiming legal wrongs, instead of [] the normal methods of a direct appeal or a habeas petition"); *United States v. Ruiz*, No. 10-074 (S-4) (11) (JFB), 2022 WL 493389, at *3 (E.D.N.Y. Feb. 16, 2022) ("[T]he Court rejects defendant's claims of ineffective assistance of counsel as improperly raised. Such claims should have been brought through a 28 U.S.C. § 2255(a) motion.").

If the Court were to construe Minier's arguments here as a motion to vacate under § 2255, such a motion would be successive to Minier's previous § 2255 motion, which the Court denied on the merits two years ago. *See Minier*, 2021 WL 1292820, at *7. It would thus be subject to the requirements of § 2255(h), which requires successive motions to be certified "by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Generally, the Court would be obligated to transfer the letter to the Second Circuit for certification. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). "However, transfer is unnecessary where the second or successive habeas

5

corpus application is wholly without merit." *Castellano v. United States*, 967 F. Supp. 2d 768, 770 (S.D.N.Y. 2013). That is the case here.

For Minier to recover on a successive § 2255 motion, he must show that his motion either "(1) contains 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense' or (2) relies on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.'" *United States v. Guang Ju Lin*, No. 09-CR-746 (SHS), 2020 WL 3819347, at *2 (S.D.N.Y. July 8, 2020) (quoting 28 U.S.C. § 2255(h)). Minier alleges neither newly discovered evidence nor a new rule of constitutional law, and therefore has established no reason for a second or successive motion. The motion is further untimely pursuant to § 2255(f), which requires a § 2255 motion to be made within 12 months of, as relevant here, when the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). It has certainly been more than one year since Minier's judgment was made final, thus he cannot recover based on these arguments.

The Court turns instead Minier's more traditional argument for his release: his health problems. Minier argues that the inadequate medical treatment he has received from BOP constitutes an extraordinary and compelling reason for release. Aside from reiterating his previous arguments about the lingering effects of his COVID-19 (which the Court already rejected and sees no reason to reconsider), Minier focuses on a more recent health problem. He alleges that he "suffered tremendous pain in his torso" and that he was initially turned away from the BOP health services department. He next day, after returning to health services, Minier was transported to the hospital for what he says was "both appendicitis and an abdominal hernia." Pet. Mot. at 4, ECF

No. 69. Minier admits that most of his pain has subsided, but notes that he has some "lingering but minor pains" and that he suffered in pain "needlessly for more than two years." *Id.* at 5.

Minier's account is contradicted by his medical records. On a motion for compassionate release, regardless of whether or not the movant is *pro se*, he "bears the burden of proving that 'extraordinary and compelling reasons' exist under 18 U.S.C. § 3582(c)(1)(A) to justify release." *United States v. Tirado*, No. 15 CRIM. 487-5 (GBD), 2021 WL 392029, at *1 (S.D.N.Y. Feb. 4, 2021). Where a medical condition provides the basis for compassionate release, "the existence of extraordinary and compelling reasons for immediate release turns on the defendant's physical conditions and the degree to which his physical conditions can be treated within the context of a correctional facility." *United States v. Delgado*, 582 F. Supp. 3d 136, 141 (S.D.N.Y. 2022) (quotations omitted).

Minier himself does not provide any medical records to bolster his allegations. Instead, the Court relies on the records provided by the Government, and those records paint a picture quite different than Minier's. Minier did not make any complaints about abdominal pain until March 17, 2022,[1] when he complained of a sharp abdominal pain that started that *morning*. Gov. Mot., Ex. B at 17, ECF No. 74. BOP sent Minier to the hospital based on his complaints. *Id.* at 18. The hospital determined that the problem was constipation and sent him back on March 18, 2022. *Id.* at 14. On March 19, 2022, Minier's pain worsened and again BOP sent him to the hospital, where he was diagnosed with acute cholelithiasis.[2] *Id.* at 10–12. On March 21, 2022, Minier

---

[1] The only gastrointestinal pain noted in Minier's 2021 medical records is a few instances of "esophageal reflux" which were treated with antacids and "resolved." Gov't's Opp., Ex. C at 8, 20, ECF No. 74.

[2] "Cholelithiasis is the presence of concretions in the gallbladder or bile ducts." *Hong Mai v. Comm'r of Soc. Sec.*, No. 15-CV-7448 (PKC), 2017 WL 4357377, at *3 n.20 (E.D.N.Y. Sept. 29, 2017).

7

underwent surgery removing his gall bladder (known as a cholecystectomy).[3] *Id.* at 6, 9. Follow up appointments on March 23, 2022, and April 1, 2022,[4] suggest that the surgery went well and Minier was in stable condition. *Id.* at 2–7.

While nothing in the record suggests that Minier suffered a hernia or appendicitis, the Court acknowledges that he did have to undergo significant surgery. However, there is no evidence that Minier is still suffering from any illness that affects his capacity to function in the prison. *See United States v. Mustafa*, No. 93 CR. 203 (LGS), 2023 WL 2016581, at *4 (S.D.N.Y. Feb. 15, 2023) ("Defendant's medical conditions were not under control . . . [h]owever, Defendant's care has now resumed, and he does not argue that any of his medical conditions are currently unmanaged."). Nor do the records indicate that BOP failed to offer adequate medical care. *See United States v. Olivieri*, No. S2 18 CR. 316 (PAC), 2023 WL 2366859, at *2 (S.D.N.Y. Mar. 6, 2023)("[Defendant] has not established that FMC Devens is unable to adequately care for his conditions or that his worsening health prevents him from caring for himself."). To the contrary, Minier acknowledges in his motion that he now only suffers minor pains from his surgery, which cannot serve as a basis for compassionate release. Thus, while the Court sincerely hopes the Defendant remains in good health, his past medical condition does not provide him an extraordinary and compelling reason for release.

---

[3] *See Dieguez v. Berryhill*, No. 15-CIV-2282 (ER)(PED), 2017 WL 9534745, at *2 n.2 (S.D.N.Y. Feb. 28, 2017), *report and recommendation adopted*, No. 15-CIV-2282 (ER)(PED), 2017 WL 3493255 (S.D.N.Y. Aug. 15, 2017) (defining "cholecystectomy").

[4] While the Government notes that Minier was a "no show" for the April 1 appointment, his records indicate that, despite failing to attend a morning appointment, Minier was observed that same afternoon. Gov. Mot., Ex. B at 2–5.

### b. Section 3553(a) Factors

Because Minier failed to show extraordinary and compelling reasons that warrant compassionate release, the Court need not reach the § 3553(a) analysis. Nevertheless, the Court briefly addresses the § 3553(a) factors and finds they are an independent basis to deny Minier's petition. *See United States v. Luviano*, No. 1:11-CR-01023(PAC), 2022 WL 4298696, at *4 (S.D.N.Y. Sept. 19, 2022). "In evaluating the § 3553(a) factors, the Court must examine the history and characteristics of the defendant, the nature and circumstances of the offense, and look to promote respect for the law while providing just punishment and deterring criminal conduct." *United States v. Sanchez*, No. 01 CR. 74-2 (PAC), 2022 WL 4298694, at *4 (S.D.N.Y. Sept. 19, 2022) (citing 18 U.S.C § 3553(a)).

As the Court noted in its previous decision, Minier played a "leadership role" in the narcotics conspiracy, which involved the transport of a significant amount of heroin from California to New York. *See* Op. & Order at 6. The crime is a serious one, and the punishment adequately reflects Minier's role in that crime. Minier is also particularly in need of deterrence; after serving a term of incarceration based on a narcotics offense, Minier was deported and reentered the country illegally, only to end up trafficking narcotics again. Minier's arguments on this motion are mostly repackaged versions of his previous, unsuccessful arguments. Based on the totality of this Court's analysis from the sentencing, the § 2255 opinion, and the previous and current denials of compassionate release, the § 3553(a) factors still weigh in favor of Minier finishing his original sentence.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Minier's petition for compassionate release without prejudice to its renewal should his medical condition materially worsen. Minier's request for a hearing on this motion is **DENIED**.

The Clerk of Court is directed to close the motions at ECF Nos. 69 and 75.

Dated: New York, New York  
      May 2, 2023

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY  
United States District Judge